**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAEL BENNETT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:22-CV-01504-ELR |
| | * | |
| THE WALT DISNEY COMPANY, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**O R D E R**

_____

There are several matters before the Court.  The Court sets forth its reasoning and conclusions below.

## I.     Background

On November 24, 2021, Plaintiff Michael T. Bennett, proceeding *pro se*, filed an action in the State Court of Gwinnett County, Georgia, against Defendants The Walt Disney Company ("Disney") and Marvel Entertainment ("Marvel") as well as their purported employee, Mark Millar ("Millar").  See Compl. [Doc. 1-1].  In his ninety-one (91)-page Complaint and numerous accompanying exhibits, Plaintiff alleges that Defendants infringed copyrights Plaintiff purportedly owns in his self-

published works *Owl Unlikely Crusader*, *Owl Knight's Quickening*, and his Towne City Black Widow drawing (collectively, "Plaintiff's Works").  <u>See generally</u> <u>id.</u>

On March 25, 2022, Plaintiff served Defendant Disney with his Complaint.[1] <u>Id.</u> at 196.  On April 20, 2022, Defendants Disney and Marvel timely removed Plaintiff's suit to this Court.  Notice of Removal [Doc. 1].  Following removal, Defendants Disney and Marvel ("Moving Defendants") jointly filed their "Motion to Dismiss for Failure to State a Claim" on April 22, 2022.  [Doc. 4].  Plaintiff did not respond to Moving Defendants' motion within the fourteen (14) days allowed by the Local of Rules of this district.  <u>See</u> LR 7.1(B), NDGa.  Instead, on September 16, 2022—nearly five (5) months after Moving Defendants filed their motion to dismiss—Plaintiff filed his "Motion to Enter Response in Opposition to Defendant's Motion to Dismiss Plaintiffs Complaint with Prejudice (Mailed/Served on 9/19/22 and 9/22/22), & Motion to Add 2022 Moon Knight to List of Defendant's Infractions."  [Doc. 11].  Due to its extreme untimeliness, to the extent Plaintiff intended his September 16, 2022 filing to serve as a response to Moving Defendants' motion to dismiss, the Court does not consider it.  <u>See</u> <u>id.</u>; <u>see also</u> LR 7.1(B), NDGa.

---

[1] While serving his Complaint on Disney, Plaintiff improperly attempted to simultaneously serve Marvel and Millar.  <u>See</u> Compl. at 196.  Though Marvel has since waived service of process, Notice of Removal [Doc. 1 ¶ 5], Millar has not, and Plaintiff has yet to file any proof that he perfected service on Millar.  <u>See</u> FED. R. CIV. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").  Indeed, Millar is a resident of the United Kingdom, and Disney and Marvel claim that Millar "is not and has never been an employee, officer, or director of Disney or Marvel," and therefore they cannot "accept service on [his] behalf[.]"  Notice of Removal ¶ 6.

Thus, the Court deems the pending motion to dismiss to be unopposed.[2]  [See Doc. 4].  However, based on the content of Plaintiff's September 16, 2022 filing, the Court partially construes it as a motion to amend the Complaint.  [See Doc. 11].  Moving Defendants oppose Plaintiff's construed motion to amend.  [See Doc. 12].

Separately, on May 20, 2022, Plaintiff filed a "Response to Defendant's Removal of Case & Motion to Reject Defendants' Request to Remove Case," which the Court construes as a motion to remand.  [See Doc. 7].  Moving Defendants oppose Plaintiff's construed motion to remand.  [See Doc. 8].  Having been fully briefed, the Parties' motions are now ripe for the Court's review.  [Docs. 4, 7, 11].

## II.     Plaintiff's Motion to Remand [Doc. 7]

Because a federal court "is powerless to continue" with a case once it "determines that it is without subject matter jurisdiction," the Court begins its analysis with Plaintiff's construed motion to remand.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  The Court sets forth the relevant legal standard before turning to the substance of Plaintiff's argument.

---

[2] By his September 16, 2022 filing, Plaintiff contends that "[Moving] Defendants mailed/served copies of their Motion to Dismiss Plaintiff's Complaint with Prejudice paper work to [him] on August 19, 2022 and August 22, 2022."  [See Doc. 11 at 1].  Even if the Court were to accept this contention, Plaintiff's response in opposition to the motion to dismiss would still be considered untimely.  See LR 7.1(B), NDGa.

A.     **Legal Standard**

Pursuant to 28 U.S.C. § 1441, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts possess original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a case "arises under" federal law, federal courts apply the well-pleaded-complaint rule, which examines whether a federal question appears on the face of the plaintiff's properly pleaded complaint. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830–31 (2002). A defense or counterclaim involving federal law or alleging a constitutional violation is insufficient to invoke federal question jurisdiction. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

Federal courts construe removal statutes strictly and resolve all doubts about the propriety of removal in favor of remand to state court. Am. Tobacco Co., 168 F.3d at 411 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). In addition, the removing party bears the burden to establish that subject matter jurisdiction exists. See Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013).

B.      **Analysis**

In his construed motion, Plaintiff argues that this case should be remanded because Moving Defendants allegedly submitted an "incomplete, untrue, fraudulent copy" of his Complaint with their Notice of Removal and because state court "is better suited" for this case.  [See Doc. 7 at 1, 3].  In response, Moving Defendants assert that this Court possesses original jurisdiction over Plaintiff's claims because they "arise under" federal law, specifically, 17 U.S.C. § 101 *et seq.* (the "Copyright Act").  [See Doc. 8 at 3].

Upon review, the Court agrees with Moving Defendants.  While federal district courts "have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights[,]" 28 U.S.C. § 1338(a), "[f]ederal courts have not extended federal subject matter jurisdiction to every lawsuit involving copyrighted material."  Sullivan v. Naturalis, Inc., 5 F.3d 1410, 1412 (11th Cir. 1993).  "[A]n action arises under the Copyright Act," and thus triggers federal jurisdiction, "'if and only if the complaint is for a remedy expressly granted by the Act, e.g. a suit for infringement[.]'"  Makhoul v. Rosemeyer, Civil Action No. 2:10-CV-00244-WCO, 2011 WL 13227766, at *1 (N.D. Ga. Feb. 10, 2011) (quoting Sullivan, 5 F.3d at 1412) (granting a motion to remand because, although the claims involved potentially copyrightable material, the central dispute in the case was

alleged contract violations and the plaintiff did not "seek relief for copyright infringement or any other relief arising under the Copyright Act").

Here, the Court construes Plaintiff's Complaint as a suit for copyright infringement brought pursuant to the Copyright Act.  See Compl. at 1 ("I claim that the defendants have committed . . . Willful Copyright Infringement[.]").  Indeed, the crux of Plaintiff's claims is that Defendants stole both style and details from Plaintiff's Works, thereby infringing several of his copyrights.  See generally id.  On its face, Plaintiff's Complaint seeks relief for alleged infringement pursuant to the Copyright Act, and therefore his claims sufficiently "arise under" federal law so as to trigger federal jurisdiction.  See 28 U.S.C. §§ 1331, 1338(a); see also Makhoul, 2011 WL 13227766, at *1.  Because this Court possesses original jurisdiction over Plaintiff's copyright infringement claims, Moving Defendants properly removed this case pursuant to 28 U.S.C. § 1441, and the Court denies Plaintiff's construed motion to remand.  [Doc. 7].

## III.   Defendants' Motion to Dismiss [Doc. 4]

Having determined that it has jurisdiction to hear this case, the Court next turns to Moving Defendants' unopposed "Motion to Dismiss for Failure to State a Claim."  [Doc. 4].  In their motion, Moving Defendants assert that Plaintiff's Complaint is a shotgun pleading in violation of Federal Rule of Civil Procedure 8. [Id. at 10].  Specifically, Moving Defendants argue that Plaintiff "has failed to

organize his Complaint in any discernible fashion" and instead "present[s] his claims in an impenetrable narrative" comprised of "vague and indiscernible" allegations. [Id. at 10–11]. The Court sets forth the relevant legal standard before turning to the substance of Moving Defendants' argument.

### A.    Legal Standard

At the pleading stage, a plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 8 by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as a "brief factual description" of the circumstances that surround the acts upon which a plaintiff bases a claim for relief. See Parker v. Brush Wellman, Inc., 377 F. Supp. 2d 1290, 1294 (N.D. Ga. 2005) (citing FED. R. CIV. P. 8(a)(2)).  As the Supreme Court has explained:

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007) (internal citations omitted)).

A shotgun pleading, in contrast, "fails to satisfy these basic requirements." See Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358 (11th Cir. 2020). Indeed, shotgun pleadings are "never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes

of action, or how they do so." <u>See id.; see also</u> <u>Jackson v. Bank of Am., N.A.</u>, 898

F.3d 1348, 1356–57 (11th Cir. 2018) ("Shotgun pleadings . . . exact an intolerable

toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and

impose unwarranted expense on the litigants, the court and [its] resources.

Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for

their cases to be heard." (citing <u>Cramer v. Florida</u>, 117 F.3d 1258, 1263 (11th Cir.

1997))); <u>Chapman v. AI Trans.</u>, 229 F.3d 1012, 1027 (11th Cir. 2000) ("We have

frequently railed about the evils of shotgun pleadings and urged district courts to

take a firm hand.").

Broadly speaking, there are four (4) types of shotgun pleadings:

[t]he most common type—by a long shot—is a complaint containing
multiple counts where each count adopts the allegations of all preceding
counts, causing each successive count to carry all that came before and
the last count to be a combination of the entire complaint.  The next
most common type . . . is a complaint that . . . is guilty of the venial sin
of being replete with conclusory, vague, and immaterial facts not
obviously connected to any particular cause of action.  The third type
of shotgun pleading is one that commits the sin of not separating into a
different count each cause of action or claim for relief.  Fourth, and
finally, there is the relatively rare sin of asserting multiple claims
against multiple defendants without specifying which of the defendants
are responsible for which acts or omissions, or which of the defendants
the claim is brought against.

<u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1321–23 (11th Cir.

2015) (collecting cases).  Put simply, the "unifying characteristic of all types of

shotgun pleadings is that they fail to one degree or another, and in one way or

another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

### B.    Analysis

Upon review, the Court finds that Plaintiff's Complaint constitutes a shotgun pleading in violation of Rule 8.   In his Complaint, Plaintiff appears to allege that Defendants' productions *Star Wars: The Force Awakens*, *Star Wars Episode IX: The Rise of Skywalker*, *Deadpool 2*, *Spider-Man: Into the Spiderverse*, *Spider-Man: Far From Home*, *Ant Man and the Wasp*, *Black Widow*, and the television series *Falcon and the Winter Soldier* infringe on the copyrights that protect Plaintiff's Works.[3]  See generally Compl.   Plaintiff argues that Defendants' productions copy various characteristics found in Plaintiff's Works, including the tools and weapons used by the characters, the appearance of the characters, the plot, phrases, general conduct of the characters, and action sequences.  See generally id.  However, beyond generic comparisons between Plaintiff's Works and Defendants' purportedly infringing

---

[3] The Complaint also alleges that Defendants infringed Plaintiff's Works in the productions *Captain America: Winter Soldier*, *Avengers: Age of Ultron*, *Ant Man*, *Spider Man: Homecoming*, *Captain America: Civil War*, and *Avengers: Infinity War*.  See generally Compl.  However, Plaintiff's infringement claims related to these productions were previously dismissed with prejudice by this Court.  See Bennett v. Marvel Ent., Civil Action No. 1:17-CV-03505-ELR, slip op. at 8 (N.D. Ga. Jan. 11, 2019).  Therefore, the doctrine of *res judicata* precludes Plaintiff from reasserting these claims.  See Maldonado v. U.S. Att'y Gen., 664 F.3d 1369, 1375 (11th Cir. 2011) (enumerating the elements that must be present for *res judicata* to apply: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them are identical in both suits; and (4) the same cause of action is involved in both cases."); see also Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990) ("[D]ismissal of a complaint with prejudice satisfies the requirement that there be a judgment on the merits.").

productions sporadically scattered throughout his lengthy Complaint, Plaintiff's claims are otherwise unintelligible.  Indeed, Plaintiff's Complaint falls comfortably within three (3) of the above-referenced categories of shotgun pleadings.

First, Plaintiff's Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  Weiland, 792 F.3d at 1322.  Although Plaintiff alleges several supposed similarities between his works and Defendants' productions, his observations are conclusory or otherwise solely rely on Plaintiff's own subjective, ambiguous descriptions of scenes in Defendants' productions as evidence.  For example, Plaintiff provides a passage from his *Owl Knight's Quickening* book in which a character called Owl "swan dives off" a building and compares it to a scene from *Spider-Man: Into the Spiderverse* in which Plaintiff describes Spider-Man as "taking a look over the edge then swan diving off a building."  Compl. at 54.  However, Plaintiff fails to explain how this and other vague comparisons in his allegations constitute copyright infringement.  See generally Beal v. Paramount Pictures Corp., 20 F.3d 454, 459 (11th Cir. 1994) ("To establish copyright infringement, two elements must be proven: ownership of a valid copyright, and copying of constituent elements of the work that are original."); Singleton v. Dean, 611 F. App'x 671, 672 (11th Cir. 2015) (explaining that materials such as "broad ideas" and "stock scenes that naturally flow from a common theme" are noncopyrightable and describing lists of "random similarities" as "unreliable . . .

as many such similarities can be found in very dissimilar works"); see also generally 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery[.]").  Further, Plaintiff's Complaint is littered with allegations of untoward conduct by Defendants including phone hacks, computer hijacking, taunting, threatening, and harassment.  See generally Compl.  However, such charges are immaterial to Plaintiff's claims for copyright infringement and only serve to further confound his Complaint.

Second, Plaintiff's Complaint fails to "separate[e] into a different count each cause of action or claim for relief."  Weiland, 792 F.3d at 1323.  Instead, the Complaint melds together what appear to be hundreds of purported instances of infringement involving dozens of Defendants' productions, in narrative form, with little (if any) distinction between counts.  See, e.g., Compl. at 26–36 (beginning with a discussion of *Star Wars: The Force Awakens* and then turning to eight (8) other films along with allegations of an "illegal phone hack and constant surveillance" before returning to the allegations related to the *Star Wars* film ten (10) pages later). Although this Court has diligently attempted to parse out Plaintiff's claims, the erratic nature of his Complaint makes them nearly indecipherable.

Finally, the Complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or

omissions, or which of the defendants the claim is brought against." <u>Weiland</u>, 792 F.3d at 1323.  Indeed, Plaintiff makes no attempt to set out which Defendants are responsible for which acts of alleged infringement.[4]  <u>See generally</u> Compl.  As such, the Complaint does not provide each Defendant the opportunity to discern the specific claims Plaintiff asserts against it.

In sum, Plaintiff's Complaint "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  <u>See</u> <u>Weiland</u> 792 F.3d at 1323.  Therefore, the Complaint constitutes a shotgun pleading in violation of Rule 8 and is due to be dismissed.  <u>See</u> FED. R. CIV. P. 8; <u>Peavey v. Black</u>, 476 F. App'x 697, 699 (11th Cir. 2012) (per curiam) (affirming dismissal of *pro se* complaint that was "unintelligible, indecipherable, and replete with irrelevant facts, making it impossible for the defendants to know what [the plaintiff was] claiming, against whom, and on what grounds"); <u>Yeyille v. Mia. Dade Cty. Pub. Schs.</u>, 643 F. App'x 882, 884 (11th Cir. 2016) ("[T]he district court correctly concluded that [plaintiff]'s third amended complaint . . . was a shotgun pleading.  Rather than using short and plain statements as required by the Federal Rules, the third amended complaint included an 85-

---

[4] According to Moving Defendants, the allegedly infringing film *Kick Ass* mentioned in Plaintiff's Complaint is not made by either Disney or Marvel.  [<u>See</u> Doc. 4 at 10]; <u>see also</u> Compl. at 10–11.

paragraph fact section spanning 31 pages, much of it written in narrative, diary-like form.").

"A *pro se* plaintiff, however, 'must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice,' at least where a more carefully drafted complaint might state a claim." Carter v. HSBC Mortg. Servs., Inc., 622 F. App'x 783, 786 (11th Cir. 2015) (per curiam) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)).  Accordingly, the Court allows Plaintiff a period of twenty-one (21) days to amend his Complaint and remedy its deficiencies.[5]

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's "Response to Defendant's Removal of Case & Motion to Reject Defendants' Request to Remove Case" [Doc. 7] and **DENIES AS MOOT** Plaintiff's "Motion to Enter Response in Opposition to Defendant's Motion to Dismiss Plaintiffs Complaint with Prejudice (Mailed/Served on 9/19/22 and 9/22/22), & Motion to Add 2022 Moon Knight to List of Defendant's Infractions." [Doc. 11].  Further, the Court **GRANTS IN PART AND DENIES IN PART** Defendants Marvel and Disney's "Motion to Dismiss for Failure to State a Claim." [Doc. 4].  The Court **GRANTS** the motion to the extent that it

---

[5] Because the Court herein allows Plaintiff an opportunity to amend his Complaint, the Court denies as moot Plaintiff's construed motion to amend.  [Doc. 11].

argues Plaintiff's Complaint is a shotgun pleading.  The Court **DENIES** the motion in all other respects with leave to re-file at a later time, if appropriate.

Additionally, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.  [Doc. 1-1].  If Plaintiff elects to submit an amended complaint that meets the requirements of Federal Rule of Civil Procedure 8, the Court **DIRECTS** him to do so within twenty-one (21) days from the date of entry of this order.  The Court also **DIRECTS** Plaintiff to, within twenty-one (21) days from the date of entry of this order, serve Defendant Millar with a copy of Summons and Complaint pursuant to Federal Rule of Civil Procedure 4 and to file proof of such service on the docket.

Finally, the Court **DIRECTS** the Clerk to resubmit this action to the undersigned after the twenty-one (21) day period expires.  In the interim, the Court **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE** this action.[6]

**SO ORDERED**, this 17th day of October, 2022.

*Eleanor L. Ross*

Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[6] The Court notes that administrative closure will not impact the rights of any Party to this litigation.  Should Plaintiff submit an amended complaint within the time period specified above, the Court will re-open the case to review it.